17-1591-cr
*United States v. Steve Papas*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of March, two thousand eighteen.

PRESENT:  JOSÉ A. CABRANES,
          SUSAN L. CARNEY,
                    *Circuit Judges,*
          VALERIE E. CAPRONI,
                    *District Judge.*[1]

UNITED STATES OF AMERICA,

      *Appellee,*

     v.                                                                 17-1591

STEVE PAPAS,

      *Defendant-Appellant.*

---

[1] Judge Valerie Caproni, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR GOVERNMENT-APPELLEE:**            Sean S. Buckley and Sarah K Eddy for
                                        Geoffrey S. Berman, United States Attorney
                                        for the Southern District of New York, New
                                        York, NY.


**FOR DEFENDANT-APPELLANT:**            David B. Smith, David B. Smith PLLC,
                                        Alexandria, VA.


Appeal from a judgment of the United States District Court for the Southern District of New York (George B. Daniels, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the cause is **REMANDED** for resentencing in accordance with the terms of this order.


## BACKGROUND


Defendant-Appellant Steve Papas ("defendant" or "Papas") appeals from a forfeiture order and money judgment entered on May 8, 2017 following his plea of guilty to conspiracy to distribute a controlled substance in violation of Title 21, United States Code, Section 812, 841(a)(1), and 841(b)(1)(C). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.


As part of defendant's plea agreement, the parties stipulated that Papas was responsible for conspiring to distribute at least 3,000 kilograms but less than 10,000 kilograms of marijuana. As part of the agreement, defendant also agreed to forfeit to the United States any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of his criminal activity. In the course of defendant's plea allocution, defendant confirmed his understanding that the plea agreement required him to admit the forfeiture allegation contained in his indictment. The parties did not agree on the properties or the specific amount of money subject to forfeiture at the plea proceeding. Instead, the parties jointly notified the District Court that a proposed preliminary forfeiture order was forthcoming from the government pending negotiations with defense counsel. At the plea proceeding, defense counsel indicated that he needed more time to collect documentation related to defendant's ownership of properties and his financial status before he could discuss a specific forfeiture amount with the government. Defendant was present for this colloquy.

2

Defendant was sentenced on September 16, 2015. On that date, defense counsel and the government still had not agreed on the forfeiture owed by defendant. The parties thus requested that the District Court include a general order of forfeiture in its oral pronouncement of defendant's sentence, with the understanding that a more specific order of forfeiture remained forthcoming. The District Court then orally ordered forfeiture in an amount "to be determined either upon agreement of the parties or upon resolution of the disputed issues." Joint App'x 69. The District Court's subsequent written judgment contained this same provision. On May 4, 2017 the District Court held an hours-long hearing in order to resolve disputes between the parties with respect to forfeiture owed. Four days later, on May 8, 2017, the District Court entered an amended order of forfeiture and a $5 million money judgment against the defendant.

On appeal, defendant does not challenge his underlying conviction. Rather, he asks us to vacate the District Court's forfeiture order and money judgment on the ground that the forfeiture order was issued in violation of Federal Rule of Criminal Procedure 32.2. He next argues that the Supreme Court's recent decision in *Honeycutt v. United States*, 137 S. Ct. 1636 (2017), which imposed a new standard for calculating forfeiture following a conviction of or plea of guilty to a conspiracy charge, requires us to vacate the District Court's order. He further urges us to impose forfeiture of only $20,000, the amount that defendant contends constituted his personal proceeds from the offense.

While we agree with defendant that *Honeycutt* requires vacatur of the District Court's previous forfeiture order and money judgment, we conclude that a remand is necessary in order for the District Court to determine the amount of defendant's personal profit from the offense. We reject defendant's argument that the District Court imposed forfeiture in a way that violated the Federal Rules.

## DISCUSSION

We review a district court's legal conclusions regarding forfeiture *de novo* and its factual findings for clear error. *See, e.g., United States v. Peters,* 732 F.3d 93, 98 (2d Cir. 2013).

### I.

The District Court is required by law to impose criminal forfeiture following a defendant's involvement in a narcotics conspiracy. *See* 21 U.S.C. § 853(a) ("Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States … any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as a result of such violation[.])".

Under Rule 32.2 of the Federal Rules of Criminal Procedure, "[a]s soon as practical … after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P. 32.2(b)(1)(A). Such a determination can be "based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). If, however, the district court cannot "calculate the total amount of the money judgment" before sentencing, the court may enter a "general" preliminary forfeiture order that is subject to amendment when "the amount of the money judgment has been calculated." Fed. R. Crim. P. 32.2(b)(2)(C).

Rule 32.2 therefore permits a district court to withhold judgment on the amount of forfeiture owed by a defendant pending post-sentencing briefing and/or argument from the parties. Fed. R. Crim. P. 32.2(b)(4)(B). In this scenario, "[t]he court must include the forfeiture when orally announcing the sentence," and "must also include the forfeiture order . . . in the written judgment." Fed. R. Crim. P. 32.2(b)(4)(B).

Here, at both defendant's plea proceeding and his sentencing, the parties jointly requested additional time to discuss the amount of money and specific properties subject to forfeiture. The District Court granted their request and complied with Rule 32.2 by pronouncing orally at sentencing, and in the subsequent written judgment, that the court was entering a forfeiture order, and that an amended forfeiture order would be issued once the parties agreed upon (or submitted full briefing concerning) the amount of money and the property to be forfeited.

Defendant directs our attention to no authority to rebut the clear text of the Rule. Furthermore, defendant's argument—that a district court cannot impose forfeiture after sentencing if, before sentencing, the court is not prepared to issue a specific forfeiture order prior to sentencing runs counter to the clear pronouncement of 21 U.S.C. § 853, which states that those who violate the federal drug laws are *required* to forfeit the proceeds of their misdeeds. We therefore reject defendant's argument that the District Court lacked authority to amend the terms of his forfeiture after his sentence was imposed.[2]

## II.

The parties agree that a remand is required in order for the District Court to calculate the proper amount of forfeiture owed by the defendant under *Honeycutt v. United States,* 137 S. Ct. 1626

---

[2] To the extent defendant argues that the District Court lacked *jurisdiction* to continue forfeiture proceedings past the sentencing date, we reject that argument as well.

(2017). In imposing forfeiture in the amount of a $5 million money judgment, the District Court relied on previous precedent of our Court which held that a defendant who participates in a narcotics conspiracy is subject to forfeiture not only of his own proceeds from the offense, but also the proceeds obtained by co-conspirators, to the extent that those proceeds were reasonably foreseeable to the defendant. *See United States v. Cantorinis*, 692 F.3d 136, 147 (2d Cir. 2012).

After the District Court entered the forfeiture order at issue in this case, however, the Supreme Court held in *Honeycutt* that the government's ability to seek forfeiture "is limited to property the defendant himself actually acquired as the result of the crime." *Honeycutt*, 137 S. Ct. at 1635. In light of this change in the law, the District Court must now determine a new forfeiture amount owed by defendant based only on his personal proceeds from the offense. We decline to impose forfeiture in the $20,000 amount that defendant suggests. We conclude that a hearing is necessary in order for the District Court to consider evidence and argument on the subject of how much defendant personally profited from his involvement in the narcotics conspiracy.

## CONCLUSION

The District Court's order of forfeiture is **VACATED,** and the cause is **REMANDED** to the District Court for the limited purpose of additional fact-finding with respect to the forfeiture amount owed by defendant in light of *Honeycutt v. United States.*

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court